**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Darnell Gregory, | No. CV-18-01598-PHX-GMS (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Maria Peji, et al., | |
| Defendants. | |

Before the Court is Jason Darnell Gregory's ("Plaintiff") Motion for Reconsideration of Defendant Motion to Strike Plaintiffs Request for Admissions and Plaintiffs Motions for Inquiry (Doc. 150). The Court construes this motion as an appeal of United States Magistrate Judge John Z. Boyle's Order (Doc. 138 at 7) granting in part and denying in part Maria Peji and Roberto Garcia's ("Defendants") Motion to Strike (Doc. 137). Also before the Court is Plaintiff's Motion for Leave to Amend his Fourth Amended Complaint (Doc. 123). In a Report and Recommendation ("R&R"), United States Magistrate Judge John Z. Boyle recommended that this motion be denied (Doc. 140 at 1). Plaintiff timely objected to the R&R (Doc. 152 at 1). For the following reasons, the Court affirms the United States Magistrate Judge's order on the motion to strike, denies Plaintiff's motion for leave to amend, and adopts the R&R.[1]

---

[1] The Court adopts in full the magistrate judge's discussion of the factual and procedural background of the present case and presumes the parties are familiar with its details. (Doc. 138 at 1); (Doc. 140 at 1.)

## DISCUSSION

### I. Standard of Review

#### A. Non-Dispositive Orders

A district court may review a magistrate judge's ruling on a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For non-dispositive pretrial orders, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(a) (providing that a district court may reconsider a pretrial matter where "the magistrate judge's order is clearly erroneous or contrary to law"). The clearly erroneous standard applies to findings of fact and the contrary to law standard applies to legal conclusions. *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). In reviewing a non-dispositive pretrial order, in no event may the district court "simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

#### B. Dispositive Orders

A "district judge may refer dispositive pretrial motions . . . to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Est. of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1). "A judge of the court shall make

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," but may also "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**II.    Analysis**

Plaintiff appeals from the magistrate judge's order dated September 30, 2021, (Docs. 138, 150), and objects to the magistrate judge's report and recommendation dated October 6, 2021. (Docs. 140, 152.) The Court takes each in turn.

**A.    Pretrial Order**

Plaintiff argues the magistrate judge improperly struck Doc. 129 from the record. (Doc. 150 at 1-2.) Under the Local Rules, motions to strike may be brought "on the ground that [a filing] is prohibited (or not authorized) by a statute, rule or court order." LRCiv 7.2(m)(1). The stricken document appears to be a set of Requests for Admission ("RFA") pursuant to Federal Rule of Civil Procedure 36. (Doc. 129 at 1.) However, "requests for admission" "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(A). As Plaintiff appears to concede that Doc. 129 was not filed for use in the proceeding, and the Court did not order its publication, (Doc. 146 at 4), it was properly stricken as its filing was prohibited by Rule 5(d)(1)(A).

To the extent Plaintiff argues the magistrate judge erred in ruling on the motion to strike before Plaintiff's response was received by the Court, his argument is not well taken.[2] Plaintiff's only argument against striking Doc. 129 is that the magistrate judge prematurely issued the scheduling order governing discovery in his case. (Doc. 146 at 4.) But this does not establish why Doc. 129 fits within either of the two limited exceptions to the general prohibition against filing RFAs on the public docket. *See* Fed. R. Civ. P. 5(d)(1)(A).

---

[2] The Court has reviewed the response that was filed after the magistrate judge issued his order. (Doc. 146 at 1.)

- 3 -

Therefore, even considering Plaintiff's response, the magistrate judge's decision to strike Doc. 129 was not clearly erroneous or contrary to law.[3]

### B.     Report & Recommendation

The magistrate judge recommended that the Court deny Plaintiff's Motion for Leave to Amend, (Doc. 123), because amendment would cause undue delay and prejudice Defendants, and because amendment was futile as Plaintiff's new claims would not survive the statutorily required screening.  (Doc. 140 at 4–5.)  Plaintiff now objects to the recommendation.  (Doc. 152 at 1.)

#### 1.     Legal Standard

Rule 15 instructs courts to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15's policy favoring amendment "should be applied with extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), especially when a plaintiff is pro se.  *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).  Leave to amend should be withheld, however, if "amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Under the screening statute, a court must dismiss a prisoner complaint "or any portion of the complaint" if the court determines that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915A(b)(2); *see also Williams v. Griffeth*, No. CV-10-0237-PHX-PGR (MEA), 2010 WL 4576192, at *1 (D. Ariz. Nov. 5, 2010) (noting that the "futility standard of Rule 15(a)" and the "failure to state a claim standard under" § 1915A are "in practical effect . . . the same standard").

To survive dismissal for failure to state a claim, a plaintiff's factual allegations in the complaint "must . . . suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)).  Factual allegations in the complaint

---

[3] As the magistrate judge only granted Defendants' motion to strike as to Doc. 129, the Court only discusses Doc. 129 in this Order.  (Doc. 138 at 7.)

are accepted as true, and the pleading is construed "in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). Further, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints must be liberally construed and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### 2. Analysis

In the proposed Fifth Amended Complaint, Plaintiff seeks to bring four additional claims. (Doc. 124 at 5–7.) Count II is a claim for "perjury," where Plaintiff alleges that "in [his] opinion," Defendant Peji committed perjury. (Doc. 124 at 5.) Plaintiff finds implausible Defendant Peji's statement that she was not familiar with relevant administrative protocols relevant to Count I, even though she had twenty years of experience in ADOC. (Doc. 124 at 5; Doc. 152 at 6.) However, perjury is not an actionable claim under 42 U.S.C. § 1983. If Plaintiff believes Defendant Peji's testimony about her knowledge of the relevant administrative protocols is not credible, he may cross-examine her if she testifies at any trial that may take place in this case. If the jury agrees with Plaintiff, it will weigh Defendant Peji's testimony accordingly. Count II therefore fails to state a claim.

Count III is a claim that Gerald Thompson ("Mr. Thompson"), the warden at Plaintiff's facility, failed to train Defendants Diaz and Peji. (Doc. 124 at 6.) To state a

claim under 42 U.S.C. § 1983 on a failure-to-train theory, Plaintiff must allege that Mr. Thompson "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014); *see also Connick v. Thompson*, 563 U.S. 51, 59 (2011); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A policymaker exhibits deliberate indifference when they have been placed on "actual or constructive notice that a particular omission in their training program causes . . . employees to violate citizens' constitutional rights" but fail to address the omission. *Connick*, 563 U.S. at 61. Here, Plaintiff argues Mr. Thompson should be liable both under a theory of respondeat superior and as a municipal policymaker. (Doc. 152 at 8.) First, Plaintiff's respondeat superior theory fails to state a claim, as the Supreme Court has rejected respondeat superior liability as a valid theory of recovery in the § 1983 context. *Connick*, 563 U.S. at 60. Second, the proposed Fifth Amended Complaint does not plausibly allege that Mr. Thompson knew, or should have known, that Defendants Diaz and Peji had not been adequately trained, even assuming that the gaps in their training caused them to violate Plaintiff's constitutional rights. Nor has Plaintiff pled that Defendants Diaz and Peji had violated the constitutional rights of inmates in a similar manner in the past. *See Connick*, 563 U.S. at 62 (noting that a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997))). Therefore, Count III fails to state a claim on which relief can be granted.

Count IV is a claim that an unknown United States Marshal and an unknown ADOC representative obstructed justice because they failed to provide Plaintiff with information that would have allowed him to serve a defendant. (Doc. 124 at 7.) Because of Plaintiff's failure to serve the defendant—who was the only named defendant at the time—the case was dismissed. (Doc. 63 at 7.) The Ninth Circuit subsequently vacated the Court's order and allowed Plaintiff to serve Defendants Peji and Garcia. (Doc. 76-1 at 2.) Plaintiff does

not identify any injury caused by the dismissal and remand beyond litigation stress, which is not a cognizable form of injury.  (Doc. 124 at 7); (Doc. 152 at 9); *see Flowers v. First Haw. Bank*, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003).  Therefore, Count IV fails to state a claim.

Count V is a claim that over 20 officers conspired with each other to violate ADOC policy.  (Doc. 127 at 7.)  As the magistrate judge correctly determined, it fails to state a claim because Plaintiff does not name the officers or plausibly allege that they conspired with Defendants Peji and Garcia.  (Doc. 140 at 7.)  As Counts II through V of Plaintiff's proposed Fifth Amended Complaint fail to state a claim, granting leave to amend the Fourth Amended Complaint would be futile as the new claims would be dismissed on screening.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Defendant Motion to Strike Plaintiffs Request for Admissions and Plaintiffs Motions for Inquiry (Doc. 150) is **DENIED.**

**IT IS FURTHER ORDERED** that the October 6, 2021 Report and Recommendation of United States Magistrate Judge John Z. Boyle (Doc. 140) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 123) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to update the caption on the docket to reflect the above-referenced caption.

Dated this 23rd day of June, 2022.

_____
G. Murray Snow
Chief United States District Judge